tion be correct, then, unless the action is tried, settled, or compromised, it can always keep the bonds. The sections of the Code under which the undertaking was given are similar to section 3050 of the Code of Civil Procedure, which has been construed in substantially the same way as we construe these sections. Janeway v. Haft (Super. Buff.) 19 N. Y. Supp. 844.

In reaching this conclusion we have not overlooked the authorities cited in the opinion of the learned trial justice, but from an examination of them it appears they have no bearing upon the question presented.

The judgment appealed from, therefore, must be reversed, with costs, and, inasmuch as there is no dispute as to the facts, judgment is directed for the plaintiff for the relief demanded in the complaint, with costs. All concur.

---

### BIRMINGHAM TRUST & SAV. CO. v. WHITNEY.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. BILLS AND NOTES—INDORSEMENT—ALTERATION.

It is not a material alteration of a note or draft to add a word of description to the name of an indorsee, when it is intended by the parties that the paper shall go to the indorsee in the capacity or relationship indicated by the title affixed.

2. SAME—AUTHORIZED ALTERATIONS.

Where it was agreed between the drawer and the indorsee of a draft that it should be discounted by the indorsee in his capacity as cashier of a trust company, such indorsee was authorized to write an abbreviation of the word "Cashier" after his name in the indorsement of the draft, for the purpose of showing the capacity in which he became a party to the paper.

3. SAME—EVIDENCE—RES GESTÆ.

Where the cashier of a trust company agreed with the drawer of a draft to discount the same in his official capacity for the payee, and the latter inclosed the draft to such cashier in a letter, asking the addressee to discount the same "as per agreement with" the drawer, conversations between the cashier and the drawer showing the agreements were admissible as res gestæ.

Appeal from Trial Term, New York County.

Action by the Birmingham Trust & Savings Company against Peter Whitney. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

J. Harry Hull, for appellant.
Frederick P. James, for respondent.

PATTERSON, J. This action is against the indorser of a draft drawn by Harry Hawkins upon the Hawkins Lumber Company of Birmingham, Ala., and accepted by the drawee. The payee is Peter Whitney (this defendant), who indorsed it: "Pay to the order of T. O. Smith. Peter Whitney." It was discounted by the plaintiff.

It was forwarded by Whitney himself to T. O. Smith, who was cashier of the plaintiff. On receiving the draft, Smith added to his name the word "Cash" (an abbreviation of "Cashier") above the signature of Peter Whitney. In transmitting the draft to Smith, Whitney wrote as follows:

"Enclosed please find 90 days acceptance to the Hawkins Lumber & Coal Co. As per agreement with Mr. Harry Hawkins, please discount this paper and send New York Exchange for the net proceeds of the draft. Yours truly, Peter Whitney."

The plaintiff discounted "this paper," and T. O. Smith, cashier, remitted to Peter Whitney, the whole amount of the draft, less $6 discount. Whitney received the money, the check for it being payable to his order, and it was paid through the New York Clearing House. Whitney now sets up as the only defense to the action that a material alteration in the indorsement of the note was made, consisting of the addition by Smith of the word "Cash" after his name on the indorsement.

To add a word of description to the name of an indorsee is not a material alteration of a note or draft, when it is intended by the parties that the paper shall go to the indorsee in the exact capacity or relationship indicated by the title affixed. But here it is a matter of no consequence whether there was a material alteration of the indorsement or not. The court below found, and the evidence fully sustained the finding, that the addition was authorized, if not in express terms assented to, by the defendant. He, in his note inclosing the draft to Smith, says, "As per agreement with Mr. Harry Hawkins, please discount this paper." Mr. Smith's evidence shows that his agreement and understanding with Mr. Hawkins was that he should discount the paper as cashier of the plaintiff, and that he was not to have a personal relation to the subject. Smith testifies that his conversation with Hawkins concerning the discounting of paper was in his relation of cashier of the bank. Hawkins was president of the lumber company, and Smith, as cashier of the plaintiff, had been in the habit of discounting paper for that company on the application of Hawkins, and it was in the same relation that the conversation was had respecting the discount of the draft in suit.

It is objected that the conversations between Smith and Hawkins were inadmissible, but it is evident that they were part of the res gestæ. The defendant himself made those conversations admissible, because, in sending the draft to Smith to be discounted, as said before, he asked for the discount, "As per agreement with Mr. Harry Hawkins." Therefore it was proper to show what that agreement was.

The judgment should be affirmed, with costs. All concur.